> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with
> Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 19, 2014[*]
Decided June 30, 2014

**Before**

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-3203

|  |  |
|---|---|
| FRANCESCA I. MONTANEZ,<br>    *Plaintiff-Appellant,*<br><br>v.<br><br>CASS WOLFENBERGER, et al.,<br>    *Defendants-Appellees.* | Appeal from the United States District Court for the Northern District of Illinois, Western Division.<br><br>No. 12 C 50309<br><br>**Frederick J. Kapala**,<br>*Judge.* |

## O R D E R

Francesca Montanez appeals the dismissal (on untimeliness grounds) of her suit for predatory lending. She alleged that the defendants targeted minority customers like herself and charged them inflated interest rates and exorbitant fees on mortgage loans. We affirm.

---

[*]After examining the parties' briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

As Montanez recounts in her complaint, the allegations of which we accept as true for purposes of this appeal, *see Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013), she obtained a mortgage loan in March 2007 through Vision Mortgage Group, Inc., with help from Vision employee Tim Hill. Vision then assigned the loan to Countrywide Financial Corporation. In August 2008, Montanez refinanced her mortgage at a lower interest rate. She later learned that the U.S. Department of Justice had charged Bank of America—which acquired Countrywide in 2008—with steering Hispanic and African-American borrowers toward less favorable loans than similarly situated white borrowers.

In August 2012, nearly five-and-a-half years after receiving her first mortgage loan, Montanez sued Vision, Vision's president Cass Wolfenberger, Hill, and Northwest Bank (which had acquired Vision),[1] for offering her a loan with high interest rates and fees because of her minority status. She also asserted claims under the Fair Housing Act, *see* 42 U.S.C. § 3605, the Equal Credit Opportunity Act, *see* 15 U.S.C. § 1691, the Racketeer Influenced and Corrupt Organizations Act, *see* 18 U.S.C. § 1962(a), (c), (d), and breach of fiduciary duty and unjust enrichment under Illinois law.

The defendants moved to dismiss, asserting that Montanez's claims were barred by the applicable statutes of limitations and that the complaint failed to state a claim. They also contended that under the Illinois "voluntary payment doctrine," *see Spivey v. Adaptive Mktg. LLC*, 622 F.3d 816, 822–23 (7th Cir. 2010), Montanez could not recover money that she had knowingly and voluntarily paid. Montanez responded to the defendants' motions, but addressed only the statutes-of-limitations issue.

While the motions were pending, Montanez moved for a default judgment against Hill because he had not answered the complaint. *See* FED. R. CIV. P. 55(a). The district court entered a default judgment, but Hill, proceeding pro se, promptly moved to vacate based on his unfamiliarity with litigation procedure, and the court granted his request. Hill then filed his own motion to dismiss.

The district court granted the defendants' motions to dismiss, concluding that Montanez had conceded—by not challenging—the defendants' arguments that her

---

[1] Montanez also sued Countrywide, its officers, and several third parties, but she failed to serve them within the applicable time period, *see* FED. R. CIV. P. 4(m), so the district court dismissed those parties. Because Montanez does not challenge that decision on appeal, we address only her claims against defendants Vision, Wolfenberger, Hill, and Northwest Bank. *See James v. Hyatt Regency Chi.*, 707 F.3d 775, 783 (7th Cir. 2013).

complaint both failed to state a claim and was barred by the Illinois voluntary payment doctrine. The court alternatively concluded that her federal claims were barred by the applicable statutes of limitations (RICO's four-year statute being the longest of any of the federal claims) because her claim accrued on August 8, 2008—the date that Vision allegedly had her home appraised, thereby initiating the refinancing process for her mortgage—and she did not file her complaint until August 25, 2012. Having dismissed her federal claims with prejudice, the court relinquished jurisdiction over her remaining state-law claims. The court denied Montanez's subsequent request for reconsideration.

On appeal Montanez contends that the district court chose the wrong accrual date for her federal claims. She asserts that she discovered that she had been injured not in 2008 when she refinanced her mortgage, but rather in 2011 when she learned about the United States' suit against Bank of America.

But we agree with the district court that Montanez's claims accrued no later than August 8, 2008—the date that her home was appraised during the refinancing process. When Montanez applied to refinance her loan, she learned that she might qualify for a lower-interest rate loan. By the time the application process had gotten as far as the appraisal, she had to have known the lower interest rate that was being offered. At that point a reasonably diligent person in her position would have questioned why a lower interest-rate loan had not been made available in the 2007 transaction that she claims was unlawful. Because she waited more than four years after the appraisal to file suit, she missed the deadlines to pursue her claims under the RICO statute (four years), *see Limestone Dev. Corp. v. Village of Lemont*, 520 F.3d 797, 800 (7th Cir. 2008), and the Fair Housing Act and Equal Credit Opportunity Act (both two years), *see* 15 U.S.C. § 1691e(f); 42 U.S.C. § 3613(a)(1)(A).

Montanez next challenges the district court's decision to vacate the default judgment ordered against Hill because Hill's "ignorance of the law" cannot constitute good cause. But in vacating the default the court considered more than Hill's "ignorance of the law." He took quick action to correct the default by moving to vacate within days of its entry and explained that he would raise defenses identical to those raised by the other defendants. *See Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630 (7th Cir. 2009). And further, the court recognized Hill's pro se status and our policy favoring merit determinations over defaults. *See id.* at 631.

Finally, Montanez has moved for sanctions against the defendants' counsel who she believes helped Hill draft submissions in the district court and misled the court into

thinking that Hill was in fact proceeding pro se. Montanez also disparages defendants' counsel as "mean spirited" and generally charges him with "repeatedly" making frivolous arguments and relying on "irrelevant" case law. We caution Montanez from labeling counsel's arguments as frivolous, *see First Weber Grp., Inc. v. Horsfall*, 738 F.3d 767, 779 (7th Cir. 2013), and reject her request as baseless.

The judgment is AFFIRMED and the request for sanctions is DENIED.